UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| | * | |
| **VERSUS** | * | **CASE NO. 22-212** |
| | * | |
| **RODNEY VICKNAIR** | * | **SECTION "I"** |

**MEMORANDUM TO ADDRESS SENTENCING GUIDELINES
AND OTHER SENTENCING ISSUES**

**MAY IT PLEASE THE COURT:**

The Court has requested further input from counsel regarding applicable sentencing guidelines considering the draft presentence report and objections thereto by the parties, specifically requesting the defendant's position on the applicable base offense level (BOL) and whether U.S.S.G §2A4.1 applies. In addition to responding directly to the Court's request and considering the disclosure of the final presentence report and the Government's sentencing memorandum, counsel will also briefly address the general issue of the appropriate sentence in this matter. In sum, counsel makes the following general assertions:

1. The BOL is 30, per U.S.S.G §2A3.1(a)(2), and the "underlying offense" per U.S.S.G §2H1.1(a)(1) is Sexual Abuse and therefore U.S.S.G §2A4.1 does not apply.

2. Regardless of the applicable sentencing guidelines, as sentence of 84 months as contemplated by the parties in the plea agreement in this matter is appropriate under all the 18 U.S.C. §3553(a) factors, including:

    a. the nature and circumstances of the offense;

    b. the need to avoid sentencing disparities; and

    c. circumstances of the defendant's very poor health.

A.    **The Guideline Calculation**

All parties agree that the guideline for an 18 U.S.C. §242 offense is found in §2H1.1, and that pursuant to §2H1.1(a)(1), the base offense level is determined by the offense level from the "offense guideline applicable to any underlying offense". But it is with respect to the question of what constitutes the "underlying offense" that the path first diverges. Application Note 1 of §2H1.1 defines the "offense guideline applicable to any underlying offense" as "the offense guideline applicable to any conduct established by the offense of conviction that constitutes an offense under federal, state, or local law". In its draft presentence investigation, U.S. Probation identified the underlying offense in this case as Sexual Abuse, and the applicable offense guideline to be §2A3.1. Counsel agrees that this is the correct analysis of the underlying offense conduct and the proper guideline section upon which to determine Mr. Vicknair's BOL.

There are two options for a BOL under §2A3.1 – subsection (a)(1) with a BOL of 38 and subsection (a)(2) with a BOL of 30. Subsection (a)(1) applies only to defendants convicted under 18 U.S.C. §2241(c), which Mr. Vicknair was not. Therefore, by default subsection (a)(2) applies, and Mr. Vicknair's BOL is 30. An additional +2 is added pursuant to §2A3.1(b)(2)((B) because of the age of the victim, and an additional +6 pursuant to §2H1.1(b)(1), because the defendant was a public official at the time of the offense and/or the offense was committed under the color of law. Finally, an adjustment of -3 for acceptance of responsibility is applied under §3E1.1. The resulting guideline calculation is as follows:

| | |
|---|---|
| Base offense level, per §2A3.1(a)(2) | 30 |
| Age of victim, per §2A3.1(b)(2)((B) | +2 |
| Public official/ Color of law, per §2H1.1(b)(1) | +6 |
| Adjusted Offense Level | <u>38</u> |
| Acceptance of Responsibility, per §3E1.1 | -3 |
| Total Offense Level | <u>35</u> |

With a criminal history Category I and a total offense level of 35, Mr. Vicknair's guideline imprisonment range would be 168 – 210 months.

In its final presentence report, disclosed on March 1, 2023, U.S. Probation changed gears and determined that the underlying offense was kidnapping and that per §2H1.1(a)(1), the appropriate guideline from which to determine Mr. Vicknair's BOL was §2A4.1. Counsel disagrees with this approach for two reasons.

First, the facts of this case clearly characterize the offense as a sexual assault offense. Any reference to kidnapping is incidental and subservient to the sexual assault offense. While §2H1.1 doesn't specifically direct one or the other result, a commonsense approach to guideline offense conduct says that this is a sex offense. By way of analogy, a §2D1.1 drug offense doesn't become a §2K2.1 gun offense simply because a gun was possessed in connection to and subservient to the drug offense. There are guideline enhancements written in to the §2D1.1 guidelines to account for the separate facts of the incidental firearm conduct. Similarly, §2A3.1 has an enhancement to account for conduct related to kidnapping that the sentencing commission enacted to account for that conduct, and the resulting enhanced offense level. §2A3.1(b)(5) adds +4 if the victim of the sexual assault was abducted. Thus, one need not look to another guideline to account for the potential enhancement of a kidnapping that occurs incident to a sexual assault offense – it is written into the §2A3.1 guideline itself. It is important to note that the sentencing commission specifically defined the type of abduction necessary to trigger the enhancement under §2A3.1(b)(5) when it chose to define "abducted" to mean "that a victim was forced to accompany an offender to a different location" (see, Application Note 1(A) to U.S.S.G. §1B1.1). That did not happen in this case, and so those guidelines don't apply. But the point is that it is not necessary or appropriate to look beyond §2A3.1 to account for the kidnapping conduct.

Secondly, the application of §2A4.1, applying the very same facts produces a disproportionately larger offense level than §2A3.1 does – and one that is internally inconsistent. Applying the *kidnapping* guidelines to a *sexual assault* case results in the addition of +4 to the underlying sexual assault offense level pursuant to §2A4.1(b)(7)(B) regardless of whether the victim was "abducted". When applying the *sexual assault* guidelines to a *kidnapping* however, the sentencing commission instructs that the +4 should *only* be added if the kidnapping rises to the level of an abduction. So, a sexual assault that includes an actual abduction produces that exact same total offense level under both guidelines (the +4 is added to the underlying sexual assault guidelines in both cases), but a sexual assault the includes a kidnapping that does not rise to level of an abduction is treated more harshly if the kidnapping guidelines are applied. Counsel submits that this disparate result is incongruous, and that the sentencing commission meant to set the sexual assault guidelines up the way it did to instruct courts that in cases of sexual assault, +4 for kidnapping is *only* appropriate under circumstances where the victim was actually abducted. Applying the kidnapping guidelines (where the +4 is added under any kidnapping circumstance) produces a result that is incongruous and internally inconsistent with this instruction. In sum, for both reasons discussed §2A3.1 rather than §2A4.1 is the appropriate guideline in this case.

**B.      The Appropriateness of the Sentence Recommended in the Plea Agreement**

Regardless of the sentence suggested by the sentencing guidelines, and no matter which path the Court takes to arrive at its guideline calculation, counsel submits that a sentence of 84 months as contemplated by the plea agreement in this matter is appropriate under 18 U.S.C. §3553(a). Counsel for Mr. Vicknair echoes the government's arguments as put forth in its recently filed sentencing memorandum relative to the §3553(a) factors but would like to expand on two salient points.

First, the proposed sentence is not a random number of months that was pulled from thin air and delivered to the Court in the form of a 11(c)(1)(C) plea agreement. The proposed sentence was carefully and deliberately arrived at by the parties pursuant to many months of pre-indictment negotiation, accounting for *every* circumstance of this very difficult case – considerations of justice, the relative strengths and weaknesses of the government's case and the defendant's defenses thereto, the needs of the victim, the circumstances of the defendant, and most importantly recognition that the sentencing guidelines (both on the upper end on a conviction as charged, and the lower end on a conviction for a lesser charge) might not adequately address the particular circumstances of this case, especially in light of similar sentences in cases like this in other federal jurisdictions. The government has addressed the propriety of an 84-month sentence considering numerous other similar sentences across the country for similar offenses in their memorandum, and so counsel will not belabor that any more than necessary here. The point is, the proposed sentence that was agreed to by the parties after much difficult work falls squarely within the heartland of sentences for these types of cases, whereas a guideline sentence would fall squarely above that heartland.

Second, in addition to falling squarely within the heartland of similar decisions nationwide, the proposed 84-month sentence takes into account the rather dire medical condition of Mr. Vicknair. As U.S. Probation noted in its presentence report, Mr. Vicknair suffers from multiple medical conditions, including heart problems, knee problems, hyponatremia, hypertension, leukocytosis, polycythemia, morbid obesity, deep vein thrombosis of the right leg, obstructive sleep apnea, chronic dyspnea, and acute neurological deficit. In 2021, the Vicknair underwent multiple heart procedures after suffering three heart attacks. Additionally, he suffered a stroke in 2022. Because of his medical conditions, he uses a bi-pap machine while sleeping and

a cane to walk due to weakness on the left side of his body. The defendant's medical conditions require continuous monitoring by his physicians. As an example, as of this writing, Mr. Vicknair must have a quantity of blood drawn as often as three time per week due to his polycythemia (thickening of the blood), to keep his blood thin enough to flow properly through his body. [Additional medical records will be submitted for the Court's consideration under separate cover.] In paragraphs 83 and 86 of the presentence report, U.S. Probation identifies his medical condition as grounds for a departure and variance, and counsel suggest in this context that it further serves to substantiate the propriety of the sentence as contemplated in the plea agreement.

Respectfully submitted:

_____/s/ Townsend M. Myers_____
TOWNSEND M. MYERS (#25193)
4907 Magazine St.
New Orleans, Louisiana 70115
(504) 571-9529
townsend@nolacriminallaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been filed electronically and is available for viewing and downloading from the ECF system. It has been served upon all counsel of record on this 3rd day of March 2023, by electronic means.

_____/s/  Townsend M. Myers_____
Townsend M. Myers