UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-212 |
| v. | * | SECTION: "I" |
| RODNEY VICKNAIR | * | |

\* \* \*

**UNITED STATES' MEMORANDUM REGARDING
CALCULATION OF THE U.S. SENTENCING GUIDELINES**

**NOW INTO COURT** comes the United States of America, appearing herein through the undersigned attorneys, and respectfully files this memorandum in response to the Court's order (Doc. 34) addressing the defendant's advisory guidelines range pursuant to the U.S. Sentencing Guidelines.

**I.**      **Determining the Base Offense Level**

On November 16, 2022, the defendant pleaded guilty to a one-count Bill of Information charging him with violating 18 U.S.C. § 242 (Deprivation of Rights) by engaging in a nonconsensual sexual act with a crime victim while placing her in fear for her physical safety, all while serving in his capacity as an officer with the New Orleans Police Department (NOPD). The defendant's conduct included kidnapping, in that he confined the victim against her will in his vehicle.

     a.    <u>U.S.S.G. § 2A4.1 Governs the Guidelines Calculation</u>

When calculating the advisory guidelines range under the Sentencing Guidelines for a defendant convicted of violating 18 U.S.C. § 242, the court starts with U.S.S.G. § 2H1.1. To calculate the correct base offense level, § 2H1.1(a) directs the court to apply the greater of either "the offense level from the offense guideline applicable to any underlying offense" or "10, if the

offense involved…the use or threat of force against a person ..." U.S.S.G. § 2H1.1; *United States v. Cozzi*, 613 F.3d 725, 733 (7th Cir. 2010). Here, the underlying offense is either Sexual Abuse or Kidnapping, and the applicable offense guidelines for each of those is § 2A3.1 (Criminal Sexual Abuse) or § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint), respectively. There is no requirement that the defendant be convicted of the substantive crimes of sexual abuse or kidnapping in order for the corresponding offense guideline to apply. *See, e.g. United States v. Bordeaux,* 997 F.2d 419, 420 (8th Cir. 1993) (holding that the plain language of the guideline requires only that the offense had been committed "by the means set forth" in the underlying offense not that the conviction actually be for that offense). According to application note 5 under § 1B1.1, "Where two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." Therefore, the base offense level is determined by using the higher of § 2A3.1 or § 2A4.1. Here, § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint) yields a higher base offense level because it is a level 38 as compared to a level 32 under § 2A3.1 (Criminal Sexual Abuse):

| § 2A3.1 (Criminal Sexual Abuse) | § 2A4.1 ((Kidnapping, Abduction, Unlawful Restraint), |
|---|---|
| § 2A3.1(a)(2) → 30 | § 2A4.1(a) → 32 |
| § 2A3.1(b)(2)(B) → +2 (victim had attained the age of twelve years but had not attained the age of sixteen years) | § 2A4.1(b)(5) → +6 (victim was sexually exploited) |
| Total Base Offense Level → **32**[1] | Total → **38** |

---

[1] A four-level increase pursuant to § 2A3.1(b)(5) is not appropriate because the victim was not abducted. "'Abducted' means that a victim was forced to accompany an offender to a different location." See U.S.S.G. § 1B1.1. (Application Note 1(a)) This definition does not encompass "unlawful restraint."

2

### b. A Six-Level Enhancement Pursuant to 2A4.1(b)(5) is Appropriate

While the PSR likewise uses § 2A4.1 to determine the base offense level, its calculations seem to be incorrect after the application of 32, pursuant to § 2A4.1(a). The PSR should include a six-level increase pursuant to Section 2A4.1(b)(5) because the victim was "sexually exploited." Application note 3 states that "sexually exploited includes offenses set forth in 18 U.S.C. §§ 2241–2244, 2251, and 2421–2423." Here, the defendant's conduct that forms the basis of his violation of 18 U.S.C. § 242 is conduct prohibited by 18 U.S.C. § 2242(1). *See, e.g., United States v. Lucas*, 157 F.3d 998, 1002 (5th Cir. 1998) (finding that for the purpose of calculating the guidelines for a violation of 18 U.S.C. § 242, the defendant caused the victim to engage sexual act by placing her in fear of bodily harm within the meaning of § 2242). Therefore, the six-level increase is applicable.[2]

### c. The Cross-Reference Under U.S.S.G. § 2A4.1(b)(7) Does Not Apply

If the offense of kidnapping coincided with another offense, U.S.S.G.§ 2A4.1(b)(7) calls for a cross-reference to that other offense's guideline, if that other guideline is higher. Here, that other guideline is § 2A3.1 (Criminal Sexual Abuse). However, § 2A3.1 does not yield a higher guideline.

As a preliminary matter, the cross-reference pursuant to § 2A4.1(b)(7)(A) does not apply because §2A3.1 (Criminal Sexual Abuse) does not include an adjustment for kidnapping, abduction, or unlawful restraint, or otherwise take such conduct into account, as noted in the footnote to the table above. Likewise, the cross-reference pursuant to § 2A4.1(b)(7)(B) also does not apply because it still yields a lower guideline than 38, as calculated in the table above for §2A4.1 (Kidnapping, Abduction, Unlawful Restraint). Section 2A4.1(b)(7)(B) adds four levels for

---

[2] The United States consulted with a member the legal staff of the Sentencing Commission and they are in concurrence.

for unlawful restraint, bringing the base offense level to 36 (i.e. four levels plus 32 from the base offense level for § 2A3.1 (Criminal Sexual Abuse), as noted in the table above). Section 2A4.1(b)(7) plainly states that the cross-reference applies only "if the resulting offense level is greater than that determined above." Because the cross-reference results in a 36, which is not greater than a level 38, it is not applicable.

## II. Determining the Total Offense Level

The PSR correctly increased the base offense level by six levels because the defendant acted under the color of law, pursuant to U.S.S.G. § 2H1.1(b)(1)(B). Likewise, the United States agrees that the Court, in its discretion, should apply a two-level increase because the "the defendant knew or should have known the victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). A vulnerable victim is "a person … who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." § 3A1.1, cmt. n.2. Here, the victim was unusually vulnerable not only due to the age disparity between the defendant and victim, but because the defendant encountered her in the wake of surviving a sexual assault.

The total offense level would therefore be a 46 before three levels are deducted because of the defendant's acceptance of responsibility. U.S.S.G §§ 3E1.1(a), (b). The recommended sentence under the Sentencing Guidelines for a level 43 is life in prison.

## III. Conclusion

The United States understands the importance of calculating the Sentencing Guidelines correctly, and therefore respectfully asks the Court to adopt the foregoing calculations.

4

Nonetheless, for all of the reasons it set forth in its Sentencing Memorandum, the United States asks the Court to impose the sentence agreed to by the parties.

          Respectfully submitted,

          DUANE A. EVANS
          UNITED STATES ATTORNEY

          */s/ Tracey Knight*
          TRACEY N. KNIGHT
          Assistant United States Attorney
          650 Poydras Street, Suite 1600
          New Orleans, Louisiana 70130
          Telephone: (504) 680-3085

          KRISTEN CLARKE
          ASSISTANT ATTORNEY GENERAL

          */s/ Fara Gold*
          FARA GOLD
          Special Litigation Counsel
          Civil Rights Division, Criminal Section
          United States Department of Justice

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 3, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel for defendant.

          */s/ Tracey Knight*
          TRACEY KNIGHT
          Assistant United States Attorney