# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 22-212** |
| **RODNEY VICKNAIR** | **SECTION I** |

## ORDER & REASONS

Before the Court are objections to the draft presentence report ("PSR") filed by defendant Rodney Vicknair ("Vicknair")[1] and by the government.[2] Also before the Court are the supplemental memoranda filed by both parties.[3] Having considered the objections, the Court overrules Vicknair's objections and sustains the objections raised by the government in its supplemental memorandum.

## I. FACTUAL BACKGROUND

On November 16, 2022, Rodney Vicknair ("Vicknair") pleaded guilty to one count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. As stated in the bill of information, Vicknair, "while acting under color of law as an officer with the New Orleans Police Department, willfully deprived V1 of her right to bodily integrity, a right secured and protected by the Constitution and laws of the

---

[1] R. Doc. No. 31.
[2] R. Doc. No. 30.
[3] R. Doc. Nos. 39, 40.

1

United States, when he touched V1's genitalia without her consent and without a legitimate law enforcement purpose. [Vicknair's] conduct included kidnapping[.]"[4]

Both Vicknair and the government filed objections to Vicknair's presentence report ("PSR"), contending that the PSR miscalculates the offense level.[5] The Court ordered further briefing from both the government and the defendant after reviewing the objections.[6] The final PSR calculates the total offense level to be 41.[7] In its supplemental memorandum, the government contends that the total offense level should be 43, while the defendant contends it should be 35.

## II.  CALCULATION OF OFFENSE LEVEL

Vicknair, the government, and U.S. Probation agree that the relevant guideline for a § 242 conviction is found in § 2H1.1 of the U.S. Sentencing Guidelines ("U.S.S.G."). Pursuant to § 2H1.1(a)(1), the base offense level is calculated "from the offense guideline applicable to any underlying offense."

The government argues that the "underlying offense" guideline should be U.S.S.G. § 2A4.1 (Kidnapping, Abduction, Unlawful Restraint),[8] while Vicknair argues that it should be § 2A3.1 (Criminal Sexual Abuse).[9] As stated, Vicknair's conduct in this case involved sexual abuse of the victim and conduct that included

---

[4] R. Doc. No. 1.
[5] R. Doc. Nos. 30, 31.
[6] R. Doc. No. 34.
[7] The draft PSR used a different approach to calculating the guidelines. Per phone conversations with U.S. Probation, the approach was adjusted based on consultation with the U.S. Sentencing Commission.
[8] R. Doc. No. 40, at 2.
[9] R. Doc. No. 39, at 3.

2

kidnapping.[10] Application Note 5 to U.S.S.G. § 1B1.1 (Application Instructions) states that "[w]here two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." As discussed below, application of § 2A4.1 results in a greater offense level; based on the principle articulated in § 1B1.1, the kidnapping guideline should therefore be applied.

Vicknair argues that § 2A3.1 should be applied for two reasons. He first argues that "the facts of this case clearly characterize the offense as a sexual assault offense [and] [a]ny reference to kidnapping is incidental and subservient to the sexual assault offense."[11] Vicknair argues that because § 2A3.1 "has an enhancement to account for conduct related to kidnapping . . . one need not look to another guideline to account for the potential enhancement of a kidnapping that occurs incident to a sexual assault offense."[12] Vicknair references § 2A3.1(b)(5), which provides that "[i]f the victim was abducted, increase by 4 levels." However, as Vicknair recognizes, this subsection is inapplicable because the guidelines define "abducted" as meaning "that a victim was

---

[10] The Fifth Circuit has held that, in the context of § 242, kidnapping is defined "according to its generic, contemporary meaning," and that "either asportation or confinement will suffice as the actus reus of the crime." *United States v. Guidry*, 456 F.3d 493, 509−11 (5th Cir. 2006) (citation and quotation omitted). In *Guidry*, the Fifth Circuit affirmed a § 242 conviction where the district court had defined kidnapping for purposes of that statute as "act in which an individual forcibly holds, detains, or carries away an alleged victim against his will." *Id.* at 510 (citation and quotation omitted).
[11] *Id.*
[12] *Id.*

3

forced to accompany an offender to a different location." U.S.S.G. § 1B1.1, Application Note 1(A). Vicknair did not force the victim to accompany him to a different location.[13]

Vicknair's second argument is that "the application of §2A4.1, applying the very same facts, produces a disproportionately larger offense level than §2A3.1 does[.]"[14] It is undisputed that calculating Vicknair's guidelines pursuant § 2A4.1 results in a higher offense level than calculating them pursuant to § 2A3.1. Vicknair argues that this difference is disproportionate because "a sexual assault that includes an actual abduction produces that exact same total offense level under both guidelines (the +4 is added to the underlying sexual assault guidelines in both cases), but a sexual assault [that] includes a kidnapping that does not rise to level of an abduction is treated more harshly if the kidnapping guidelines are applied."[15]

In contrast, the government argues that application of § 2A4.1 is appropriate because the guidelines provide that "[w]here two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." U.S.S.G. § 1B1.1 (Application Instructions), Application Note 5. Vicknair's conduct included both sexual assault and kidnapping. Accordingly, since § 2A3.1 and § 2A4.1 "appear equally applicable," and application of § 2A4.1 "results in the greater offense level,"

---

[13] The conduct constituting kidnapping was "lock[ing] the doors so that V1 could not leave" "lean[ing] over toward V1, causing her to fear for her physical safety, and confining her against her will." R. Doc. No. 25 (factual basis), at 2.
[14] R. Doc. No. 39, at 4.
[15] *Id.* at 4.

4

that guideline should be applied. The government's position is better supported by the U.S.S.G. application notes. Accordingly, the Court will calculate Vicknair's base offense level using § 2A4.1.

Pursuant to § 2A4.1(a), the base offense level for a kidnapping offense is 32. The final PSR adds four levels to the base offense level pursuant to § 2A4.1(b)(7)(B), which states:

> If the victim was kidnapped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense or escape therefrom; or if another offense was committed during the kidnapping, abduction, or unlawful restraint, increase to 4 plus the offense level from the offense guideline applicable to that other offense, but in no event greater than level 43, in any other case, if the resulting offense level is greater than that determined above.

The government argues that § 2A4.1(b)(5) should apply instead, and that the offense level should be increased by 6 levels because "the victim was sexually exploited."

The government appears to be correct. Applying § 2A4.1(b)(5) results in a base offense level of 38 (32 plus 6). In the final PSR, U.S. Probation states that application of § 2A4.1(b)(7)(B) should result in a base offense level of 36 (32 plus 4), but the language of subsection (b)(7)(B) suggests that, if applied, the four-level increase should be applied to the *sexual assault* guideline, which is 30. *See* U.S.S.G. § 2A3.1(1)(2) (setting base offense level for sexual assault, other than convictions under 18 U.S.C. § 2241(c), at 30); *id.* § 2A4.1(b)(7)(B) (stating that the base offense level under that subsection should be "4 plus the offense level from the offense guideline applicable to that *other offense*," but only "if the resulting offense level is *greater than that determined above*" (emphases added)). Applying § 2A4.1(b)(7)(B)

5

yields a lower offense level and is therefore not applicable. Additionally, the government states that a representative of the Sentencing Commission is in concurrence with the application of § 2A4.1(b)(5). Vicknair's base offense level should therefore be 38.

Probation and the government are in agreement that, whatever the base offense level, it should be increased by 2 because "the defendant knew or should have known the victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). Vicknair does not address the applicability of this provision.[16] A "vulnerable victim" is one "(A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* Application Note 2. A two-level increase is appropriate because the victim in this case was a minor, a victim of sexual assault (prior to Vicknair's conduct), and Vicknair escorted her to the hospital to undergo a forensic exam.

Probation, the government, and the defendant all agree that the offense level should be increased by 6 because the defendant was acting under color of law, § 2H1.1(b)(1), and decreased by three for acceptance of responsibility. § 3E.1.1(b). Vicknair's guidelines should therefore be calculated as follows:

---

[16] Vicknair's does concede that, if the sexual assault guideline applies, the offense level should be increased by two because of the victim's age, pursuant to § 2A3.1(b)(2)(B). That subsection is not applicable because, as discussed above, Vicknair's base offense level is calculated pursuant to § 2A4.1.

6

- Base level of 38, pursuant to § 2A4.1(a) and § 2A4.1(b)(5).
- Add 2 pursuant to § 3A1.1(b)(1).
- Add 6 pursuant to § 2H1.1(b)(1).
- Subtract 3 pursuant to § 3E.1.1(b).
- **Total: 43**

### III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Vicknair's objection to the presentence report is **OVERRULED**.

**IT IS FURTHER ORDERED** that the government's objection to the presentence report, as articulated in its supplemental memorandum, are **SUSTAINED**. Vicknair's base offense level should be 43, as explained above.

New Orleans, Louisiana, March 6, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**